The Honorable Mike Beebe State Senator 211 West Arch Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on behalf of the City of Kensett, Arkansas, concerning the city's liability in connection with fire fighting services. It is stated in correspondence attached to your request that the city's volunteer fire department "has placed an individual on our department who uses our equipment to respond to emergency calls all over the county outside our district area." Letter from Don Fuller, Mayor of Kensett, to Senator Mike Beebe (March 27, 1996). The question posed is "whether the City of Kensett would be unduly exposed to lawsuit for this individual's actions or damages. . . ."
It should be initially noted that I have not been advised regarding the exact basis or authority for the use of the city's equipment in this regard. The city has general authority, pursuant to A.C.A. § 14-53-102
(1987), to permit the use of fire fighting machinery and equipment outside corporate limits. Subsection (a) of § 14-53-102(a) states:
 In order to prevent the destruction by fire of property located outside the corporate limits of cities and towns and in order to lessen the loss caused on account of insufficient means to combat fires and as a protection against such loss, the city council or other governing body of any city or town having an organized fire department may, by ordinance, provide that the fire fighting machinery and equipment, with the necessary fire fighters to operate it, may be used to combat fires beyond the corporate limits of any city or town, upon such terms, conditions, and restrictions as may be prescribed in the ordinance.
Consideration of the "terms, conditions, and restrictions" prescribed in any such ordinance may therefore be necessary in order to analyze any liability issues. Regarding liability for damages or loss, §14-53-102(c)(1) states:
 Neither the municipality nor any municipal official or fire department official or employee involved in combatting the fire shall be liable for any damages or loss that occurs while the department is combatting the fire outside the corporate limits of the city or town.
Unincorporated areas of the county may also be designated for service by a municipal fire department in accordance with A.C.A. § 14-284-406
(Supp. 1995), pertaining to insurance premium tax funds. If the municipality agrees to serve the unincorporated area, it must used the funds derived thereby to "provide training and to purchase equipment necessary to provide fire protection in the designated unincorporated area. . . ." A.C.A. § 14-284-406(a)(2).
While it is thus apparent that authority exists for the use of municipal fire department equipment outside city limits, your question regarding liability may require reference to the exact extent of or basis for this authority. Any potential liability exposure in this regard can only be fully assessed with reference to all of the particular facts and circumstances. Because I am uncertain as to the anticipated basis for a legal action, I cannot offer any definitive answer. Whether the city would be "unduly exposed" to liability is a question properly addressed to local counsel who would be in a position to review all of the individual circumstances.
While I cannot conceive of every possible legal action which might be brought under the attendant facts, local government immunity will generally prevail under Arkansas law in an action for damages based in tort. The city's tort immunity is set forth in A.C.A. § 21-9-301 (Supp. 1995), which states:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance.[1] No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
Whether there could be some theory of liability, given the facts in a particular case, to which the grant of immunity would not apply is a question that must be addressed case-by-case. A civil rights claim under § 1983 (42 U.S.C. § 1983) could conceivably arise. This would, however, require anticipating the acts or omissions that might be asserted as the basis for any such liability, an exercise that falls outside the ordinary scope of an Attorney General opinion. Again, if concerns remain in this regard, local counsel should be consulted.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] See A.C.A. § 21-9-303 (Supp. 1995) regarding direct cause of action in the event of injury or damage caused by a motor vehicle.